Next case for argument this morning is United States v. Wheeler. Ms. Christensen. Good morning, your honors. May it please the court, counsel. My name is Joanna Christensen. I represent the appellant, James Wheeler. I'll address the standard review issue first. There are several sticky issues in this case, and we'll start with that one, whether it's waiver or forfeiture. This court has allowed these issues to go forward in other cases where none of the issues have been raised prior to a guilty plea. It would be unfair to Mr. Wheeler to prevent him from raising this issue where other cases have been reviewed, albeit under plain error. Counsel, your client pleaded guilty, right? Correct. So what do you think, what kind of claim do you think survives the guilty plea in light of our decision in De'Vea against the United States? Well, ordinarily, I would say next to nothing, except... Well, here we are. It seems to me you're making the exact kind of thing that De'Vea says is not possible. I agree that we are making that argument. I have two responses. One is this court did go forward with the plain error analysis in the United States v. Ramon Rivera without addressing waiver. And, of course, the Supreme Court has a case that could touch on this issue, Class v. United States, that has been granted, recently briefed... Which case are you referring to? It's Class, C-L-A-S-S v. United States. It's cited in our reply brief. CERT was granted, I believe, in February, as to whether constitutional issues survive guilty pleas. Like I said, the brief has just been filed on Friday, I believe, in that case, the petitioner's brief, so I don't really know how far the issue is going to go, but I think it certainly could address this type of issue. And we certainly recognize that in most cases this court has held that guilty pleas waive anything that could have been raised prior to. But making these arguments, like the government is about De'Maia, to preserve them, certainly, based on Class, or the potential of Class. I will address the merits of the issue, briefly. Attempt to commit a Hobbs Act robbery is not a crime of violence, and the reason for that is that attempt has two elements. Specific intent to commit the underlying offense, and taking a substantial step toward committing the offense. Neither of these elements require the use, attempted use, or threatened use of physical force. Intent to use force is not the same thing as attempt to use force. And 924C3A, the force clause or the elements clause, focuses on the elements of the offense. The residual clause was, of course, is still up for issue in the Supreme Court, possibly with De'Maia, but according to this circuit, is no longer part of 924C. And so we are resting on the elements or force clause. The fact that the residual clause was stricken does have some ramifications, and one of them is that attempts to commit what might otherwise be a crime of violence are not crimes of violence. So Ms. Christensen, the completed crime of robbery requires one actually take money and property, right? Correct. So if you're dealing with a client, say Mr. Wheeler in this case, let's suppose variation in the facts, and he tells you, I didn't actually intend to take any money or property. This was a prank, or we were trying to show the failure, the lack of security measures at the bank. Maybe it was a political kind of stunt. We never intended to take any money. That would be a good defense. It could possibly be a defense. At least legally it's a viable defense, right? In that scenario, yes. Because he has to have intended every element of the completed offense, correct? Right. He had to have intended it, not necessarily... He has to have intended the use or threatened use of violence, of force, correct? For it to be guilty of attempt. Yes. In order to be guilty of attempt, that's an element of the robbery, yes. And if you didn't intend to threaten or to use force, that would also be a good defense. Correct. It could be a defense. So he can't be guilty unless he intended to use force and took substantial steps towards doing so, right? Correct. Under your theory, is it correct... I was trying to make a list of... You identified two attempt crimes that you think would be covered by this in the entire Federal Criminal Code. Those are the two we came up with. I'm sure there might be more. But it would not include attempts to commit murder, arson, robbery, extortion, use of a weapon of mass destruction, right? Some of those are enumerated offenses, so those would be counted under subsection B. How about... Let's suppose... One of my hypotheticals was, let's go back to 9-11, and suppose one of those groups of hijackers had been thwarted by air crews and passengers. Would that be a crime of violence? Under your theory? It was attempted hijacking. Not knowing the elements of hijacking, it's hard for me to answer. I think that... An attempt to fly an airplane into a building. It may not be a crime of violence. The attempt is still a crime, and they would still be obviously punishable for that and convictable for that. The question is whether 924C comes into play here. We're certainly not arguing that Mr. Wheeler can't be convicted of attempted robbery. There's a video. There's clearly a conviction there. The question is whether 924C applies, because that crime, whether that crime is a crime of violence. The intent to use force is not listed under 924C. The use, attempted use, or threatened force is. So Congress could amend it to include the intended use of force, and that might take care of the issue. They could also amend it to include all attempts to commit crimes of violence, like the Career Offender Statute had been amended, or I'm sorry, Guideline had been amended. That's not what the language says. So based on the language of 924C3A, it's not a crime of violence. Have any circuits rejected the view articulated in the Morris concurrence? No. Which obviously had to be done in a hurry. Yes, and we acknowledge, and we also suffer from that hurry when we have to respond to these and acknowledge that full analysis is never possible in such a rushed manner. But have any circuits disagreed with Morris? No. No. The government certainly has cited circuits that seem to align themselves with the holding that attempt to commit a crime of violence is a crime of violence. But we distinguish those in our reply brief. If we get into plain error analysis, and it's an open question whether we will, but if we get there, the fourth element in essence asks whether some grave injustice would be done here. Given that Mr. Wheeler actually shot and wounded the victim of this attempted robbery, why is there an injustice if we were to just decline to decide this issue? I think particularly with the 924C, because it adds 10 years in this case. And the district court can't account for that if there's just the attempted robbery conviction. The statutory maximum is 20 years, and can't account for that. But to have the mandatory consecutive 10 years is prejudicial if he should not have been convicted of that. Unlike the Curitin case, where it most likely wouldn't have made a difference in his offense because he had quite a long sentence in Curitin. This made a significant difference. It's more like the Jenkins case that made a significant difference in Mr. Wheeler's sentence. And I will, before my time completely runs out, also comes in with the Dean issue. After Dean was decided, the district court can now consider the two in conjunction with each other. And there's no indication that the court did that, rather than considering the robbery separate from the 924C offense. So I think they do come into play together to show that fourth prong of the plain error test. So unless the court has questions, I'll reserve the remaining time. Thank you. Certainly, Ms. Christensen. Ms. Todd. May it please the court, Rebecca Tableson on behalf of the United States. Your Honors, this is really a case about waiver, and that is true for both issues presented here. Mr. Wheeler signed a plea agreement below in which he explicitly and knowingly waived any issues he raised or could have raised in any pretrial motions. That plea agreement disposes of his challenge to his 924C conviction. This case is actually identical to United States v. Mitchell in 2016, which is unpublished, but in which the plea agreement contained the precisely identical language, and in which the challenge was a challenge to a 924C conviction, and in which this court held that the plea agreement waived such a challenge. The waiver in this case also has nothing to do with the question presented in class v. United States. The question presented in that case is whether a guilty plea waives a constitutional challenge to the statute of conviction, and there are two reasons the class can have no bearing here. First, the plea agreement in class has no explicit waiver provision, a point that was repeatedly emphasized in the search stage briefing as a sort of vehicle feature that would permit the court to reach the question presented. Of course, here we are talking about an explicit waiver in Mr. Wheeler's plea. And second, class concerns only constitutional challenges to the statute of conviction. Here, the record is crystal clear that Mr. Wheeler was convicted under 924C3A. He litigated this issue before the district court, and that is the definition of crime and violence that the district court found applicable to his case. Instead, the crux of his argument is that he is factually not guilty under 924C3A because the crime of attempted Hobbs Act robbery can never satisfy that definition. That claim is explicitly waived in his plea agreement. Interestingly, the record indicates that Mr. Wheeler actually did attempt to negotiate a conditional plea agreement with the government in which he would have preserved the right to appeal certain issues raised in his pretrial motions. You can see this at record 22, where Mr. Wheeler sought an extension to negotiate a conditional plea. He received that extension, but he was not able to negotiate the conditional plea. Mr. Wheeler then knowingly signed a plea agreement that waived any issues he may have raised in any pretrial motions. That should simply be the beginning and the end of the 924C issue here. Independently, Mr. Wheeler also concedes that this issue is subject to plain error review. Under that standard and under this court's recent decision in Curitin, he must lose if his argument is, quote, debatable. And as is reflected in Morris and in Armour and in the decisions of other circuits, and perhaps most compellingly in the complete lack of any case law supporting Mr. Wheeler's position, his argument is at best debatable. As a result, it is not cognizable on plain error review. Mr. Wheeler, as Mr. Wheeler concedes, his Dean claim is also subject to plain error review. And again, that standard is fatal to the Dean issue as well. The most glaring deficiency in Mr. Wheeler's Dean argument, you can probably see at prong three of the plain error test, which requires him to show a reasonable probability that his sentence would be different under Dean. He does not even attempt to make that showing and he cannot. The district court here gave Mr. Wheeler a mandatory minimum of 10 years on the 924C and then on the predicate offense, she went above the guidelines and above the government's recommendation. There is simply no hint in the record that Mr. Wheeler's sentence would have been lower but for Roberson. And as a result, he simply cannot show plain error here. If the court has no questions, I just wanted to address two stray points from the fly brief to clarify the record. First, the government's position here is fully consistent with its position in De Silva, in which the government also argues that an attempt to commit a crime of violence is a crime of violence under 924C3A. And second, the government's position here is also fully consistent with its position in United States v. Allen, which concerns a Dean remand. In Allen, the Dean issue was raised below and the district court ruled on it. As a result, the question is presented to Novo in that case and the government's argument here about plain error review simply does not apply in Allen. If the court has no questions, for those reasons, the government respectfully requests the court affirm the decision below. Thank you, counsel. Anything further, Ms. Christensen? I'll just address one issue. The Dean issue is not a waiver problem. It is a forfeiture. It wasn't raised at all because everyone was prevented from making the consideration that's now allowed in Dean. That goes to prong three. The district court, who has not been a district court prior to Roberson, had no ability, similar to when the guidelines were mandatory, to consider the sentences together as they relate to each other. Therefore, there is a substantial probability that it would be different. The district court should be allowed, similar to Booker, with the Booker challenges, to reconsider the sentence on that issue. It's not waiver because the plea agreement did not waive sentencing issues in this case. I also would like to say on negotiations on the conditional plea, there's no indication that has to do with 924C. Mr. Wheeler raised at least two other pretrial issues, including motions to suppress, two motions to suppress, and it could have been about that. I don't think that can be construed as some sort of waiver in plea negotiations. So unless the court has further questions, I ask you to reverse and remand. Thank you.